Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have previously asked for certification of two separate submissions, each proposing a popular name and ballot title for a similar measure. I rejected those submissions in Opinions 99-298 and 99-336 due to a number of unresolved ambiguities arising from the text of the measure. You have now made changes to the text of your proposal and have submitted the following proposed popular name and ballot title for my certification:
 POPULAR NAME VEHICLE DEALER INFORMATION AND TAX DEDUCTIONS ON THE COST OF A VEHICLE BI FUEL CARBURETOR SYSTEM
 BALLOT TITLE AMENDMENT TO REQUIRE FACTORY FRANCHISED VEHICLE DEALERS TO INFORM A CUSTOMER BEFORE BUYING A NEW OR USED VEHICLE WITH TWENTY THOUSAND MILES OR LESS ON THE ODOMETER WITH VEHICLE INFORMATION ON THE AVAILABLE NEW FACTORY VEHICLE MODELS INSTALLED WITH A BI FUEL CARBURETOR SYSTEM AND POST FACTORY INSTALLATION OF A BI FUEL CARBURETOR SYSTEM ON APPLICABLE NEW AND USED VEHICLE MODELS TO USE NATURAL GAS OR GASOLINE, VEHICLE SAFETY OF A BI FUEL CARBURETOR SYSTEM, FEDERAL AND STATE SUBSIDIES, TAX DEDUCTIONS ON THE PURCHASE COST OF A VEHICLE BI FUEL CARBURETOR SYSTEM, COMPARISONS OF NATURAL GAS AND GASOLINE VEHICLE EXHAUST EMMISSIONS, [SIC] COMPARITIVE [SIC] ANNUAL AVERAGE COSTS OF NATURAL GAS AND GASOLINE PER EQUAL GALLON; TO PROVIDE THE STATE ISSUES AN ANNUAL PUBLICATION OF THE AFOREMENTIONED INFORMATION FOR THE FACTORY FRANCHISED VEHICLE DEALERS AND A BUYER'S STATEMENT FORM FOR THE STATE VEHICLE REGISTRATION AND LICENSE BUREAU TO VERIFY THE FACTORY FRANCHISED VEHICLE DEALER HAS FULLY INFORMED THE BUYER OF THE AFOREMENTIONED INFORMATION BEFORE PURCHASING A NEW OR USED VEHICLE WITH TWENTY THOUSAND MILES OR LESS ON THE ODOMETER; TO PROVIDE A FINE FOR NON COMPLIANCE OF FACTORY FRANCHISED VEHICLE DEALERS NOT INFORMING A BUYER OF THE AFOREMENTIONED INFORMATION; TO PROVIDE A DEDUCTION ON THE FACTORY OR POST FACTORY INSTALLATION COST OF A BI FUEL CARBURETOR SYSTEM FROM THE GROSS RECEIPT SALES TAX; TO PROVIDE THE STATE AND SUBDIVISIONS THEREOF ARE REQUIRED TO PURCHASE VEHICLES WITH BI FUEL CARBURETOR SYSTEM WITH AN EXEMPTION ON VEHICLES WITH A SPECIFIC USE NOT AVAILABLE WITH A FACTORY INSTALLED OR POST FACTORY INSTALLATION OF A BI FUEL CARBURETOR SYSTEM; TO PROVIDE FOR REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT, AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed measure, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must again reject both your proposed popular name and ballot title due to several unresolved ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title under A.C.A. § 7-9-107(b).
Ambiguities, grammatical and syntax errors continue to plague your proposal. At a minimum, however, the following ambiguities must be clarified in both your measure and ballot title:
 1. Section 1(3) of your proposed amendment requires the state to obtain the necessary information regarding bi-fuel vehicles and to "publish, and issue the information. . . ." (Emphasis added). A subsequent sentence in this same subsection, however, provides that "[i]t shall be the responsibility of the factory franchised vehicle dealers to obtain the published information and the buyer's triplicate statement form from the state. . . ." A later sentence in this same section provides that the state "shall publish, and sell to the factory franchised vehicle dealers . . . the . . . information . . . and the buyer's triplicate statement form. . . ." An ambiguity arises from this subsection as to whether the state is required to "issue" the information to vehicle dealers, or whether the state is simply required to make the information available to dealers, whose responsibility it is to obtain the information. The sentences in subsection 1(3) are internally inconsistent in this regard.
 2. The first sentence of Section 3 of your proposed amendment provides as follows: "Upon passage of this amendment a buyer purchasing a bi fuel carburetor system on an available new vehicle model, or post factory installation of a bi fuel carburetor system on applicable new, or used vehicle models with twenty thousand (20,000) miles, or less on the odometer to use both natural gas, or gasoline within the jurisdiction of the State of Arkansas, and subdivision thereof, after subtracting any federal and state subsidies reducing the actual cost of the vehicle bi fuel carburetor system to the buyer." There does not appear to be a verb in this sentence. I cannot, therefore, determine its effect.
 3. Section 5 of your proposed amendment makes the same self-executing and effective immediately upon passage. An ambiguity arises, in my judgment, as to how immediate compliance with the amendment can occur. Prior to the passage of your proposed amendment, the state would be under no duty to obtain, publish and issue the" information" and "triplicate form" required by your proposal. If the amendment is effective immediately, motor vehicle dealers will be subject to the penalty provisions of Section 2 of your amendment immediately upon passage, but will not yet have the benefit of the published information or triplicate form in order to comply with the amendment. I am thus uncertain how to summarize the effect of your amendment in this regard.
The list of ambiguities above is not intended to be all-inclusive. As noted above, ambiguities, grammatical and syntax errors continue to plague your proposal. Consultation with legal counsel of your choice, or a person skilled in the drafting of legislation is recommended.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the issue discussed above, resubmit your proposed measure, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General